**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-2291-WJM-MEH

JACKIE SHUMAKER,

     Plaintiff,

v.

BURGESS SERVICES, LLC,

     Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiff Jackie Shumaker's Motion for Entry of Final Judgment by Default Against Defendant ("Motion").  (ECF No. 20.)  For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

This copyright infringement action arises out of Defendant Burgess Services, LLC's alleged display of Plaintiff's original photographs on its website without Plaintiff's permission and without compensating her.  (ECF No. 1.)

Plaintiff initiated this action on August 24, 2021.  (*Id.*)  She brings one claim for copyright infringement, alleging violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act").  Plaintiff served Defendant on October 13, 2021.  (ECF No. 12.)

After Defendant failed to appear or otherwise defend this action, Plaintiff obtained the Clerk's Entry of Default on December 1, 2021.  (ECF No. 19.)  Plaintiff filed the

instant Motion on January 20, 2022.  (ECF No. 20.)  She seeks damages in the amount of $92,192, costs and attorney's fees in the amount of $5,942, and post-judgment interest on the total award. (*Id.* at 14–15.)  She also seeks a permanent injunction enjoining Defendant from engaging in further "infringing activities."  (*Id.*)

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party" in order to avoid further delay and uncertainty as to the diligent party's rights.  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

### A.    Jurisdiction

Before granting a motion for default judgment, the Court must ensure that it has subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).  Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").  Further, a court "accords no deference to [a plaintiff's]

conclusory and wholly unsupported allegations." *Miller v. Kelly*, 2010 WL 4684029, at *4 (D. Colo. Nov. 12, 2010).

The Court properly exercises subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings her claim pursuant to the Copyright Act, which is a federal statute.

The Court may exercise personal jurisdiction over Defendant because Plaintiff has adequately alleged that Defendant is a Colorado corporation with its principal place of business in Denver, Colorado.  (ECF No. 1 ¶ 4; *see Dennis Garberg & Assoc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) (plaintiff need only make a prima facie showing of personal jurisdiction if the motion for default judgment is decided only on the basis of the parties' affidavits and other written materials).)

## B.    Liability

Plaintiff is an experienced professional photographer who resides in Denver, Colorado.  She is in the business of licensing reproduction rights in photographs for a fee, and she is also responsible for protecting copyright interests on behalf of the company and its corporate clients.  (ECF No. 1 ¶ 3; ECF No. 20-1 ¶ 4.)

Plaintiff created photographs entitled "20100623_hp_djcc_0047" and "2010_hp_djc_0623_3043" (jointly, the "Photographs") in 2010.  (ECF No. 1 ¶¶ 9–10, 12.)  Plaintiff owns all rights to the Photographs.  (ECF No. 1 ¶ 26; ECF No. 20-1 ¶ 2.)  On March 14, 2011 and July 21, 2010, Plaintiff obtained registrations with the United States Copyright Office for the Photographs.  (ECF No. 1 ¶¶ 13, 14; ECF No. 1-1; ECF No. 20-1 ¶ 6.)

Sometime after the Photographs were created and prior to August 24, 2021, Defendant used the Photographs on its website in relation to advertising and promoting

its business. (ECF No. 1 ¶¶ 19, 21.)  Plaintiff neither licensed the use of the

Photographs to Defendant nor provided consent or permission for Defendant to use the

Photographs in any manner. (*Id.* ¶ 23.)

The Copyright Act provides that an owner of a copyright "has the exclusive rights

to do and to authorize" the following:

> (1) to reproduce the copyrighted works in copies or
> phonorecords;
>
> . . .
>
> (3) to distribute copies or phonorecords of the copyrighted
> work to the public by sale or other transfer of ownership, or
> by rental, lease, or lending;
>
> . . .
>
> (5) in the case of . . . pictorial . . . works, . . . to display the
> copyrighted work publicly[.]

17 U.S.C. § 106.  "Anyone who violates any of the exclusive rights of the copyright

owner . . . is an infringer of the copyright."  *Id.* § 501(a).

In the instant matter, accepting Plaintiff's allegations as true in light of

Defendant's default, she has set forth an adequate claim for copyright infringement.

Plaintiff is the owner of the copyright of the Photographs (ECF No. 1 ¶ 26; ECF No. 20-1

¶ 2), and as such, she has exclusive rights to reproduce, publicly display, or distribute

the Photographs, and authorize others to do the same.  17 U.S.C. § 106.  When

Defendant used the Photographs on its website to advertise and promote its business

(ECF No. 1 ¶¶ 19, 21), Defendant did so without Plaintiff's permission (*id.* ¶ 23).  As a

result, Defendant's conduct constituted copyright infringement under 17 U.S.C. §

501(a).  Accordingly, Plaintiff has established a claim for copyright infringement.

C.     **Damages**

Federal law provides several remedies for infringement.  *See* 17 U.S.C. §§ 502–05.  Relevant here, Section 504(a) permits a copyright owner to seek actual damages or statutory damages from the infringer.  In this case, Plaintiff elects to recover statutory damages pursuant to Section 504(c).  (ECF No. 20 at 11.)

Section 504(c)(1) of the Copyright Act permits an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just."  Damages may be increased to up to $150,000 if the infringement is willful.  17 U.S.C. § 504(c)(2).  In determining the amount of statutory damages, the Court has broad discretion "to assess what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like," so long as the amount is neither more than the maximum nor less than the minimum.  *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952).  Section 504(c)(1) is "designed to discourage wrongful conduct."  *F.W. Woolworth Co.*, 344 U.S. at 233.  Put simply, "courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it."  *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1131 (D. Colo. 2008).  Courts have awarded statutory damages that are between two and three times the license fees that would have been charged.  *Id.* (collecting cases); *Broad. Music, Inc. v. Carey-On Saloon, LLC*, 2014 WL 503447, at *6 (D. Colo. Feb. 7, 2014) (same).

Plaintiff attests that she charges a licensing fee of $1,250 per photograph.  (ECF No. 20-1 at 4, 6.)  The Court finds that Defendant's violations of the Copyright Act were willful because it was informed before and during litigation of the allegations against it

but failed to respond.[1]  (ECF No. 1-4; *see Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo. 2015) (finding willful violation where, "[d]espite being informed both before and during this litigation of the allegations against him, Defendant has failed to answer or otherwise defend himself"); *Pursell Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1152 (D. Colo. 2014) (same).)

In order to incentivize compliance with the Copyright Act, the Court will impose a penalty that is two times the licensing fee that that would have been charged for the Photographs.  Therefore, the total penalty for Defendant's infringement of Plaintiff's copyright to the Photographs is $5,000. [2]

## D.   Attorney's Fees

Pursuant to 17 U.S.C. § 505, the Court has discretion to allow the recovery of "full costs" and award reasonable attorney's fees to an aggrieved party who prevails.  In the instant Motion, Plaintiff requests $5,355 in attorney's fees and $587 in costs.  (ECF No. 20 ¶ 14.)

"Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable."  *Girlsongs v. 609 Industries, Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008).  Consequently, the Court determines Plaintiff is entitled to recover reasonable attorney's fees and costs in this matter.

---

[1] Plaintiff notified Defendant of the allegations set forth herein on April 21, 2021 and April 28, 2021.  (¶ 24.)  Defendant did not respond.  (*Id.*)

[2] Plaintiff claims that she is entitled to more than four years of licensing fees at a rate of $1,250 per year.  (ECF No. 20-1 at 5.)  However, the complaint and supporting affidavits are devoid of any allegations regarding the length of time the Photographs were used by Defendant. Therefore, the Court denies Plaintiff's request to award a penalty which assumes that Defendant displayed the image for more than four years.  (*See* ECF Nos. 1, 20.)

The Court uses a three-step process to evaluate a motion for attorney's fees. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).

First, the Court determines the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996). The factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *See Ramos*, 713 F.2d at 553–54.

The second step is to determine a reasonable hourly rate of compensation. *Id.* at 555. A reasonable hourly billing rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable." *Nutritional Biomimetics, LLC v. Empirical Labs Inc.*, 2017 WL 10777667, at *3 (D. Colo. Sept. 1, 2017). The requesting party bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).

Third, the Court multiplies the reasonable hourly rate by the number of hours

reasonably expended to determine the lodestar amount.  *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983).

With respect to the hours to which Plaintiff's attorney, Sergio Calderon Baron

attests, the Court concludes that the 13.7 hours expended from initial receipt of the case

information to filing the instant are reasonable.  This request is supported by an affidavit

with extensive documentation that sets forth the total hours worked and the specific

tasks performed.  (ECF No. 20-2; ECF No. 20-6.)

However, the Court will not grant Plaintiff's request for attorney's fees based on

an hourly rate of for $375 for Mr. Baron's services.  (ECF No. 20-2.)  Plaintiff has not

submitted any evidence that this rate is the "prevailing market rate" in the Denver area

for intellectual property or commercial litigation attorneys of comparable skill,

experience, and reputation.  *See Broad. Music, Inc. v. Cleatz Bar & Grill, LLC,* 2013 WL

753468, at *2 (D. Colo. Feb. 27, 2013).  Plaintiff has, therefore, failed to meet her

burden of establishing the "prevailing market rate."

In the absence of adequate support for the attorney's fees requested, a court is

authorized in its discretion to reduce the requested fees to an appropriate amount.  *See*

*Hensley*, 461 U.S. at 436–37 (explaining that a court may accept or reduce a fee

request within its discretion); *Stan Lee Media, Inc. v. Walt Disney Co.*, 2014 WL

3767191, at *4 (D. Colo. July 31, 2014) (reducing attorneys' fees to 50% of amount

requested where party failed to provide evidence of prevailing market rates or

adequately demonstrate reasonableness of hours expended).

Mr. Baron has only been practicing law for four years, and the legal issues in this

case are not in any way novel or complex.  (ECF No. 20-2 at 1.)  Given Mr. Baron's

years of practice, level of skill, and experience, the Court concludes the prevailing

market rate in the community for similar services by comparable lawyers is $250 per

hour.  *See Miller v. Bahakel Commc'ns, Ltd*., 2022 WL 1469546, at *2 (D. Colo. May 9,

2022) (finding $245/hour reasonable where attorney had been a law clerk in federal

court for two years, had been practicing law for 4 years with a primarily focuses on

telecommunications, intellectual property, and complex business litigation).

The Court's subtracts $1,712.50 from Plaintiff's asserted attorney fees to account

for the reduction in Mr. Barons hourly rate.  Therefore, Plaintiff is granted $3,642.50 in

reasonable attorney's fees and $587 in costs.  (ECF No. 20 ¶ 14.)

## E.    Injunction

A district court is permitted to "grant temporary and final injunctions on such

terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17

U.S.C. § 502(a).  Although it is permissible to issue a permanent injunction to prevent

copyright infringement, the Court must still consider the four factors governing issuance

of a permanent injunction under Rule 65: (1) actual success on the merits; (2)

irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the

harm that the injunction may cause the opposing party; and (4) the injunction, if issued,

will not adversely affect the public interest.  *Sw. Stainless, LP v. Sappington*, 582 F.3d

1176, 1191 (10th Cir. 2009).  Plaintiff must establish all four elements, and the Court

does not apply any presumption in Plaintiff's favor on any of these Rule 65

requirements.  *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282

(10th Cir. 2016) ("[A]ny modified test which relaxes one of the prongs for preliminary

relief and thus deviates from the standard test is impermissible.").

The Court finds that Plaintiff is not entitled to a permanent injunction because she

has not met her burden on the second element: irreparable harm. "[A] plaintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff alleges no facts that indicate Defendant is likely to further infringe upon Plaintiff's copyright of the Photographs. Therefore, the Court finds that Plaintiff has not shown that there is a significant risk that she will suffer any further *harm*, let alone any further *irreparable harm*. As a result, the Court finds that she is not entitled to a permanent injunction. *See also Acosta v. Finishing Pros., LLC*, 2018 WL 6603641, at *8 (D. Colo. Nov. 20, 2018) (obey-the-law injunctions are disfavored); *Ross v. Unified Sch. Dist. No. 231, Johnson Cnty., Kan.*, 1993 WL 62442, at *11 (D. Kan. Feb. 16, 1993) (same).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.     Plaintiff's Motion for Default Judgment (ECF No. 20) is GRANTED IN PART AND DENIED IN PART as set forth herein;

2.     The Clerk shall enter DEFAULT JUDGMENT in favor of Plaintiff and against Defendant Burgess Services, LLC in the amount of $9,229.50, consisting of $5,000 in statutory damages, $3642.50 in attorney's fees, and $587 in costs; and

3.     Plaintiff is awarded post-judgment interest on the foregoing sums from the date judgment is entered at the rate set by 28 U.S.C. § 1961.

Dated this 8th day of September, 2022.

BY THE COURT:

William J. Martinez
United States District Judge